U.S. COURTS

SEP 18 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

JOHN ANTHONY CASTRO )
12 Park Place, Mansfield, TX 76063 )
)
Plaintiff, )
)
v. )
)
SECRETARY OF STATE PHIL MCGRANE )
700 W. Jefferson Street, Room E-205, Boise, ID ) Case No. 1:23-cv-00393-DKG
83702 )
)
DONALD JOHN TRUMP )
1100 S. Ocean Blvd, Palm Beach, FL 33480 )
)
Defendants. )
)

## MOTION FOR RECONSIDERATION

Fed. R. Civ. P. 5(d)(3)(B) states that *pro se* litigants can electronically if "allowed by Court order," but the rule also states that courts can mandatorily require electronic filing "by court order" as long as there are "reasonable exceptions." In other words, district courts can mandatorily require everyone to e-file with exceptions for the technologically handicapped or permit e-filing on a case-by-case basis.

The intent of this rule was to facilitate a transition to modern electronic filing.

Plaintiff has demonstrated his understating and ability to properly electronically file, and the Court has not shown why electronic filing should not be permitted.

The Federal Rules of Civil Procedure do not permit a blanket prohibition against *pro se* electronic filing, and such an interpretation of the rule is contrary to the intent of the rule.

More importantly, the blanket prohibition substantially impairs Plaintiff's ability to manage this case efficiently. As such, it abridges his First Amendment right to efficiently petition

the federal judiciary to redress his grievances by substantially impairing his ability to timely and effectively file documents in this time-sensitive case of national and historical importance.

Furthermore, the inconsistency among the several district courts with regard to standards on granting electron filing rights violates equal protection under the 5th Amendment. The U.S. Supreme Court has held that the "[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment." *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975); *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 214–18 (1995). As such, this Court's blanket prohibition against well-qualified, *pro se* litigants being unable to electronically and efficiently petition the federal judiciary to redress their grievances is a flagrant violation of both 5th Amendment Equal Protection and First Amendment Petition Rights since other federal courts afford such a privilege on a case-by-case basis.

It is Plaintiff's position that the manner by which manner district courts have interpreted Rule 5 is unconstitutional as applied to Plaintiff pursuant to the 1st and 5th Amendments to the United States Constitution. Moreover, it is contrary to the intent of the rule to transition away from archaic paper-filing favored only by the technologically handicapped in our modern society.

The Federal Rules of Civil Procedure and United States Constitution are clear on this: Plaintiff is entitled to be heard on the specifics of why electronic filing is absolutely required in this case and the Court's outright blanket prohibition and refusal to even entertain the basis for this request unconstitutionally deprives Plaintiff of his right to an opportunity to be heard. As such, mandamus relief would be in order.

Plaintiff files this Motion for Reconsideration and awaits the Court's response in order to perfect a claim to mandamus relief by the U.S. Court of Appeals for this circuit.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: September 14, 2023. | By: | */s/ John Anthony Castro* |

                                                         John Anthony Castro
                                                         12 Park Place
                                                         Mansfield, TX 76063
                                                         Tel. (202) 594 – 4344
                                                         J.Castro@CastroAndCo.com

                                                         Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

On September 14, 2023, I mailed this document to the Clerk of the Court by U.S. postal service. It is further certified that all other parties will be notified via U.S. postal mail.

                                                         */s/ John Anthony Castro*
                                                         John Anthony Castro